MEMORANDUM DECISION
Relator, Trish'un D. Richard, commenced this original action requesting a writ of mandamus which orders respondent Industrial Commission of Ohio to vacate its order terminating temporary total disability compensation as of August 15, 1994, and to enter an order supported by some evidence. Relator further requests a writ ordering the commission to vacate its order denying her request for wage loss compensation beginning January 25, 1995, and to enter an order granting wage loss compensation.
Pursuant to Civ.R. 53 and Section M, Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. In his decision, the magistrate concluded the action presents two main questions: (1) whether the commission abused its discretion in terminating temporary total disability compensation as of August 15, 1994, on the grounds that Dr. Kightlinger released relator to return to her former position of employment as of that date, and (2) whether a successful challenge to the commission's order terminating temporary total disability compensation as of August 15, 1994 justifies this court's intervention into the commission's denial of relator's wage loss claim.
On those two issues the magistrate concluded that (1) the commission abused its discretion in terminating temporary total disability compensation as of August 15, 1994, and (2) the commission's error in that respect does not justify this court's intervention into the denial of the wage loss claim. Accordingly, the magistrate decided a writ should issue with respect to the temporary total disability award.
Both relator and respondent, Children's Hospital Medical Center, have filed objections to the magistrate's decision, largely rearguing those matters addressed in the decision. For the reasons set forth in the magistrate's decision, we overrule the objections related to relator's wage loss claim. However, for the reasons set forth here, we modify the magistrate's decision with respect to the temporary total disability award.
More specifically, the magistrate concluded that resolution of the first identified issue required the magistrate to make an additional finding of fact. In that regard, the magistrate found it "more probable than not that Dr. Kightlinger's September 15, 1994 C-84, further extending temporary total disability through an estimated return-to-work date of October 15, 1994 was before the SHO at the October 17, 1994 hearing." With that report before the staff hearing officer at the October 17 hearing, the magistrate concluded the staff hearing officer abused its discretion in affirming the district hearing officer's order, thereby requiring that this court issue a writ of mandamus.
While the court could make the additional finding the magistrate suggests, the original staff hearing officer is the most appropriate person to determine whether Dr. Kightlinger's September 15, 1994 C-84 was before the staff hearing officer at the October 17, 1994 hearing. If it was, then the staff hearing officer abused his discretion in affirming the district hearing officer's order, and must take steps to correct the error per the magistrate's decision. If, however, Dr. Kightlinger's September 15, 1994 C-84 was not before the staff hearing officer, the magistrate's conclusion is incorrect and no modification is necessary. Rather than speculating on the availability of that C-84 to the staff hearing officer at the time of the October 17 hearing, we return the matter to the commission, and if possible to the staff hearing officer who heard the matter on October 17, 1994, to determine that issue and rule appropriately.
For the forgoing reasons, respondent's objections to the magistrate's decision are sustained to the extent indicated.
Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them with respect to the wage loss claim. Accordingly, we adopt the magistrate's findings of fact and that portion of the magistrate's conclusions of law as our own. With respect to the commission's terminating relator's temporary total disability compensation, we reject the magistrate's conclusions of law as noted in this memorandum decision, and return the matter to the commission for further proceedings in that regard.
Accordingly, we grant a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate the October 17, 1994 order of its staff hearing officer terminating temporary total disability compensation as of August 15, 1994, to determine the availability of Dr. Kightlinger's September 15, 1994 C-84 at the time of the October 17, 1994 hearing and to enter an order accordingly.
Objections overruled in part and sustained in part; limitedwrit granted.
DESHLER and KENNEDY, JJ., concur.